IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD CARMAN ) | CASE NO. 1:10CV2162 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| v. ) | |
| ) | |
| LANCE MASON ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Plaintiff *pro se* Ronald Carman filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Cuyahoga County Common Pleas Court Judge Lance Mason. He alleges that his counsel assigned to represent him in his criminal case before Judge Mason was ineffective in that he was not prepared for trial, failed to submit evidence of alibi, failed to obtain taser reports and failed to obtain case law to support a motion to suppress. Judge Mason rejected his complaints of counsel's ineffectiveness and did not grant his motions for withdrawal of guilty plea and disqualification of counsel, and refused to remove himself from the case. As a result, Plaintiff was sentenced to a term of incarceration of three years. *State of Ohio v. Carman*, Case No. CR-09-529418. He requests damages in the amount of $250,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

The allegations set forth in the Complaint clearly challenge the validity of Plaintiff's conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id.* The rule applies even though Plaintiff may not be presently incarcerated.

Further, absent an allegation that Plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, 2009 WL 5167641 * 2 (S.D. Ohio, Dec 21, 2009).

Finally, Judge Mason is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Mason acted outside the scope of his official duties.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 11/18/10                                   /s/ Patricia A. Gaughan
                                                JUDGE PATRICIA A. GAUGHAN
                                                UNITED STATES DISTRICT JUDGE